RENDERED:  AUGUST 7, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1200-MR

MATTHEW A. LYONS                                                    APPELLANT

APPEAL FROM MONTGOMERY CIRCUIT COURT
v.          HONORABLE ELIZABETH H. DAVIS, JUDGE
ACTION NOS. 22-CR-00116, 22-CR-00204, AND 24-CR-00206

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
VACATING AND
REMANDING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND COMBS, JUDGES.

COMBS, JUDGE:  Appellant, Matthew Lyons (Lyons), appeals from Orders of Montgomery Circuit Court revoking his probation.  After our review, we vacate and remand with instructions as set forth below.

Lyons pled guilty in three criminal cases.  The first two dealt with theft of mail matter, No. 22-CR-00116; and first-degree possession of a controlled substance, first offense No. 22-CR-00204.  In those two cases, Lyons was granted

pretrial diversion for five years, which was revoked after a new arrest. The new arrest led to the third case, No. 24-CR-00206, in which Lyons pled guilty to possession of a controlled substance and possession of drug paraphernalia. Ultimately, the three cases were probated together. On March 21, 2025, Lyons was admitted to River Place ARC Rehab as a condition of probation for residential substance abuse treatment.

On July 15, 2025, Lyons's probation officer filed a Violation of Supervision Report after Lyons was arrested on a new misdemeanor charge for shoplifting at a Walmart on July 13, 2025. He was discharged from ARC River Place on July 14, 2025, due to program violations and the shoplifting charge at Walmart.

The trial court conducted a revocation hearing on August 19, 2025, at which his probation officer testified. Defense counsel argued that Lyons maintained his innocence of the shoplifting accusation.[1] However, the Commonwealth argued that there were program violations as well. Addressing Lyons, the court explained that he would be better off in treatment, "which is why we keep giving you these chances," but that at some point, "the patience runs out."

---

[1] "Probation revocation is not dependent upon a probationer's conviction of a criminal offense. Instead, the Commonwealth need only prove by a preponderance of the evidence that a probationer has violated the terms of probation." *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009) (footnote omitted).

The court understood Lyons's position that he was contending that he was not guilty. But the court noted, "when you're on probation, you're not like everybody else. . . . You've already been given a chance to get help, and to do right, and to not be in prison. And even when you picked up a new felony charge, we put you back in treatment." The court explained that it believes in grace, in second chances -- but not in third, fourth, and fifth chances. The court stated, "I don't have any confidence frankly that if I give you a third chance at this that you're going to be any more successful."

The court found Lyons in violation of the terms of his probation. In substantially identical handwritten entries on the court's docket sheets of August 19, 2025, the court recorded: "violation found, probation revoked, and three years total to serve." The court also entered written Orders in each of the three cases, stating that Lyons's probation was being revoked as of August 19, 2025, and setting forth the sentence that he was ordered to serve.

Lyons now appeals and requests palpable error review under Kentucky Rule of Criminal Procedure (RCr) 10.26. Lyons contends that the trial court failed to make the findings required by Kentucky Revised Statute (KRS) 439.3106 and that insufficient evidence exists to support any such findings.

In relevant part, KRS 439.3106 provides as follows:

(1) Supervised individuals shall be subject to:

-3-

(a) Violation revocation proceedings and possible incarceration for failure to comply with the conditions of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

Case law reinforces the requirements of the statute.

KRS 439.3106(1) **requires** trial courts to find that the probationer's failure to abide by a condition of supervision constitutes a significant risk to prior victims or the community, **and** that the probationer cannot be managed in the community before probation may be revoked.

*Commonwealth v. Andrews*, 448 S.W.3d 773, 781 (Ky. 2014) (emphases added).

"[F]ailure to make the statutory findings required by KRS 439.3106 constitutes palpable error under Kentucky Rules of Criminal Procedure (RCr) 10.26. . . . **Both findings are required**." *Burnett v. Commonwealth*, 538 S.W.3d 322, 324–25 (Ky. App. 2017) (emphasis added).

These findings can be either oral or written to satisfy both KRS 439.3106(1) and the defendant's due process rights. *See Commonwealth v. Alleman*, 306 S.W.3d 484, 487 (Ky. 2010) (finding that a defendant's due process rights not violated by oral findings during revocation hearing); *see also Andrews*, 448 S.W.3d at

780 (holding trial court's "oral findings" were enough to satisfy KRS 439.3106). Although not explicitly discussed in either *Alleman* or *Andrews*, implicit in their holdings is the notion that we look to both the written and oral findings in conjunction with one another and not separately in a vacuum. Therefore, we must look at the trial court's findings—both in open court and in its written order—to determine whether KRS 439.3106(1) and due process requirements were met.

*Commonwealth v. Gilmore*, 587 S.W.3d 627, 630 (Ky. 2019). As this Court recently explained in *Nantz v. Commonwealth*, 728 S.W.3d 804, 812 (Ky. App. 2026), "we may affirm a Trial Court's [*sic*] revocation order so long as the Trial Court [*sic*] makes the mandatory statutory findings, even in a cursory manner, and those findings are supported by a preponderance of record evidence on appeal."

In the case before us, the trial court did not mention KRS 439.3106 either in its oral or in its written findings. Although the court expressed its clear dismay at the recidivistic behavior of Lyons, that recitation did not conform to the format required by the statute as to **specific findings**. The court did not make any finding that Lyons posed a significant risk to his prior victims or to the community. The court expressed doubt that Lyons would be successful if given a third chance, but it did not make **the express finding** that Lyons could not be appropriately managed in the community.

Accordingly, we are compelled to vacate the Orders of the Montgomery Circuit Court and remand with instructions to make the requisite

findings to support its decision in conformity with KRS 439.3106 and with

*Andrews*, *supra*.  We do not direct or predict any particular result.


ALL CONCUR.


BRIEF FOR APPELLANT:                    BRIEF FOR APPELLEE:

Molly Mattingly                         Russell Coleman
Assistant Public Advocate               Attorney General of Kentucky
Louisville, Kentucky

                                        Graham Pilotte
                                        Assistant Solicitor General
                                        Frankfort, Kentucky